UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GARY COLLINS JACKSON,

Petitioner,

v. CASE NO. 6:04-cv-1833-Orl-18DAB

SECRETARY, DEPARTMENT OF CORRECTIONS, et al.,

Respondents.

ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response (Doc. No. 6) to the petition for writ of habeas corpus. Petitioner then filed a reply (Doc. No. 8) and a supplemental reply (Doc. No. 11).

*Procedural History*

Petitioner was charged by indictment with first degree murder. A jury trial was held, and Petitioner was found guilty as charged in the indictment. On February 3, 1989, the trial court adjudicated Petitioner guilty of first degree murder and sentenced him to life imprisonment.

Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed on February 27, 1990. Mandate was issued on March 16, 1990.

On February 24, 1992, Petitioner filed a motion for postconviction relief with the state trial court,[1] which was denied by order dated March 23, 1993. Petitioner appealed the denial, and the state appellate court affirmed the denial *per curiam* on June 1, 1993. Mandate was issued on June 18, 1993.

On April 21, 1997, Petitioner filed a petition for writ of habeas corpus with the state appellate court, which was denied on May 16, 1997. The motion for rehearing was denied on June 17, 1997.

On June 10, 1998, Petitioner filed a second petition for writ of habeas corpus with the state appellate court,[2] which was denied on July 24, 1998.

On December 3, 1998, Petitioner filed a second motion for postconviction relief with the state trial court, which was denied by order dated January 6, 1999. The state appellate court affirmed the denial *per curiam* on March 23, 1999. Mandate was issued on April 9, 1999.

On August 20, 1999, Petitioner filed a third petition for writ of habeas corpus with the state appellate court, which was denied on August 27, 1999. A fourth habeas petition

---

[1]Although the motion was actually filed with the state trial court on February 28, 1992, under the "mailbox rule," the motion would be deemed filed on February 24, 1992, the date when the motion was signed and presumably submitted to the prison authorities for mailing. *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (under the "mailbox rule," a pro se prisoner's motion to vacate, set aside, or correct sentence was filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing). All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule.

[2]The Court is unable to determine the filing date from the record; however, Petitioner does not dispute this date, which was provided by Respondents.

was filed with the state appellate court on August 7, 2000, and was denied on September 27, 2000.

Petitioner next filed a petition for writ of error coram nobis with the state trial court, which was denied by order dated April 2, 2002. The appellate court entered a written opinion on January 24, 2003, affirming the denial. The Supreme Court of Florida denied Petitioner's request for discretionary review on June 10, 2003.

Finally, on June 1, 2004, Petitioner filed a third motion for postconviction relief with the state trial court, which was denied on July 8, 2004. The state appellate court affirmed the denial *per curiam* on October 12, 2004. Mandate was issued on October 29, 2004.

*Petitioner's Habeas Petition is Untimely*

Pursuant to 28 U.S.C. § 2244,

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of

due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Section 2244(d)(1) went into effect on April 24, 1996. Thus, a prisoner, like Petitioner, whose conviction became final prior to April 24, 1996, had until April 23, 1997, absent any tolling, to file a federal habeas petition regarding such conviction. *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998) (petitioners whose convictions become final before the enactment of the AEDPA must be provided a reasonable time to file their section 2254 petitions, and one year from the effective date is a reasonable period). Petitioner's federal habeas petition was file-stamped by the Clerk's office on December 16, 2004, but was deemed filed on November 25, 2004, under the mailbox rule.

Pursuant to section 2244(d)(2), the one year period is "tolled" for the time during which a *properly filed* state postconviction or collateral proceeding is pending. The one-year time period was tolled for a period of 57 days from April 21, 1997 (when Petitioner filed his first petition for writ of habeas corpus) through June 17, 1997 (when the state appellate court denied his request for a rehearing with regard to the denial of his petition for writ of habeas corpus). Thus, the one-year period of limitation expired on June 19, 1997 (57 days after April 23, 1997). Hence, Petitioner's November 25, 2004, habeas petition was not timely filed and must be denied.

None of the other postconviction matters filed by Petitioner tolled the one-year

period of limitation since they were filed after the one-year period had expired. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."), *cert. denied*, 531 U.S. 991 (2000).

Petitioner argues that there should be tolling in this case based on recent decisions entered by the United States Supreme Court and the Supreme Court of Florida. This argument is without merit. Section 2244(d)(1)(C) provides that the limitations period begins on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

Section 2244(d)(1)(C) only applies when the United States Supreme Court recognizes a new constitutional right and makes that right retroactively applicable to cases on collateral review. Thus, the decisions of the Supreme Court of Florida that were relied on by Petitioner certainly do not implicate this section. Further, Petitioner has failed to demonstrate that 1) the United States Supreme Court recognized a new constitutional right that would be applicable to his case, or 2) assuming that the United States Supreme Court did recognize a new constitutional right, that the United State Supreme Court made the right retroactively applicable to cases on collateral review.

Any of Petitioner's other allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Gary Collins Jackson is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this 27 day of September, 2005.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies to:
pslc 9/27
Counsel of Record
Gary Collins Jackson